UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROMEL AMAYA-CRUZ, et al.,** ) | **CASE NO.  1:20 CV 789** |
| ) | |
| Plaintiffs-Petitioners, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **4/20/2020 HEARING MINUTES,** |
| ) | **RULING, and** |
| **REBECCA ADDUCCI, Detroit District** ) | **SCHEDULING ORDER** |
| **Field Office Director, U.S. Immigration &** ) | |
| **Customs Enforcement, et al.,** ) | |
| ) | |
| Defendants-Respondents. ) | |

Before the Court is the Defendants' Motion for Clarification of Court's Order Granting TRO. **Doc #: 36** ("Motion for Clarification").  Based on the following, the Motion for Clarification **DENIED AS MOOT**.  This Order also contains a schedule revising the current deadline for a response brief and hearing as to the Second TRO Motion, *infra* at 3.

**I.**

On Friday, April 10, 2020, Plaintiffs, four ICE detainees, filed a Motion for Temporary Restraining Order, seeking their immediate release because they are high-risk detainees whose medical status renders them particularly vulnerable to the deleterious effects of COVID-19 in the correctional context.  Doc #: 2 ("First TRO Motion").  After a hearing, the Court denied the motion as to three of the four Plaintiffs.  Doc #: 26.  However, the Court reserved ruling as to Plaintiff Romel Amaya-Cruz, and directed counsel to confer and determine whether they could agree on conditions that could be imposed on Romel if released, and directed them to file a report on the status of their discussions on April 17, 2020.  *Id.* at 2-3.

Following briefing, the Court issued an Amended Opinion and Order finding that keeping Amaya-Cruz in detention during the COVID-19 pandemic with his severely tenuous, immunocompromised health violates the Fifth Amendment, granted the First TRO Motion as to him, and directed his release with the following conditions:

> Romel Amaya-Cruz must stay with his sister who resides in Cleveland and self-quarantine in her residence for 14 days. Furthermore, he may not drive any vehicle. Should he abscond from his sister's residence and/or appear for his immigration hearing scheduled on April 29, 2020 or any future hearings, he will be deemed to have forfeited his asylum claim and any right to contest immediate removal from the country.

Doc #: 35 at 4-5.

Defendants then filed the pending Motion for Clarification asking the Court to impose more conditions on Amaya-Cruz's release than it already had.[1] Doc #: 36. Specifically, Defendants asked the Court to permit ICE to impose its standard non-confinement conditions on Amaya-Cruz including GPS monitoring with an ankle bracelet. *Id*. Defendants also asked whether Amaya-Cruz will be required to reside at his sister's home after the expiration of the 14-day self-quarantine period, and whether ICE will be permitted to arrest him after the TRO expires in 14 days. *Id*. Plaintiffs filed a brief opposing additional conditions. Doc #: 37. After reviewing the briefs, the Court ordered Amaya-Cruz's immediate release and scheduled a hearing to address additional conditions on April 20, 2020.

At the April 20 Telephonic Hearing, the Court declined to impose GPS monitoring on Amaya-Cruz who is not on house arrest and will be living with his sister. However, the Court suggested that Amaya-Cruz report to an ICE official on a regular basis as is done in certain

---

[1] At this point, Amaya-Cruz was sitting at the jail on Saturday afternoon waiting to be released.

criminal cases. Defense Counsel responded that they released Amaya-Cruz with paperwork requiring him to report to a certain ICE official on May 20, 2020. After discussion, Defendants agreed to monthly reporting and that, under the circumstances, Amaya-Cruz may do so telephonically. There was also a question as to how long Amaya-Cruz will reside with his sister before he is again detained. The Court decided, and counsel agreed, to hold a Telephonic Hearing on **Thursday, August 20 at 12:00 noon** to address this subject. To that end, the Court directed Defendants to file a status report **no later than 12 noon on Thursday, August 13, 2020** stating whether Amaya-Cruz can be detained safely and, if so, why. The Court directed Plaintiffs to file a report responding to Defendants' report **no later than 12 noon on Tuesday, August 18, 2020**.

Based on the foregoing, the Motion for Clarification, **Doc #: 36**, is hereby **DENIED AS MOOT**.

## II.

Defense Counsel raised the extreme difficulty it was having responding to requests for emergency relief for the six new Plaintiffs who are the subject of the Second Motion for TRO without their medical records. Plaintiffs agreed to get those records to Defendants and the Court by 4:00 p.m. tomorrow, and the Court gave Plaintiffs leave to file the records under seal. As such, the Court made the following changes to the current schedule relating to the Second TRO Motion:

> The deadline for Plaintiffs to get medical records to Defendants and the Court is **4:00 p.m. on Tuesday, April 21, 2020**.

> The deadline for Defendants to file a response to the Second TRO Motion is **12:00 noon on Friday, April 24, 2020**.

The Telephonic Hearing presently scheduled on April 24, 2020 is moved to **Monday, April 27, 2020 at 9:30 a.m.**

**IT IS SO ORDERED.**

                                          */s/ Dan A. Polster     April 21, 2020*
                                          **Dan Aaron Polster**
                                          **United States District Judge**